[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-17111
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 20, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00005-CR-HL-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

W. LEE PATRICK, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(February 20, 2007)**

Before ANDERSON and BARKETT, Circuit Judges, and STROM,* District
Judge.

PER CURIAM:

---

 * Honorable Lyle E. Strom, United States District Judge for the District of Nebraska,
sitting by designation.

W. Lee Patrick appeals his convictions for embezzlement and conspiracy to embezzle from an organization receiving federal funds, in violation of 18 U.S.C. §§ 371 and 666. He argues that his conviction must be reversed because: (1) the district court erroneously admitted certain summary charts in evidence; (2) his indictment was defective; (3) there was a material variance between the indictment's allegations and the evidence presented at trial; and (4) there was insufficient evidence of guilt. Patrick also appeals his sentence of sixty-five months, arguing that it is unreasonable, as well as the district court's restitution order, arguing that it was inaccurately calculated and unsupported by a preponderance of the evidence.

During the time period relevant to this case, the YMCA of Valdosta-Lowndes County, Georgia, was a non-profit organization that received more than $10,000 per year in federal funding. Its executive director was Patrick's co-defendant, Nicky Tampas. Patrick was the owner and operator of Exterior Design, a local landscaping and building company that performed work for the YMCA over several years.

Patrick's convictions were based on evidence of discrepancies between the amount Patrick was paid by the YMCA and the amount that was actually due. The government also presented testimony from individuals once employed by Patrick

and/or the YMCA, as well as Patrick's own incriminating statements to FBI investigators and YMCA officials to support its contention that Tampas and Patrick concocted and enacted a scheme whereby Patrick inflated his charges to the YMCA, obtained free supplies, shifted his labor costs from projects for other customers to the YMCA, and was paid by the YMCA for work on Tampas' house and gardens. Although Patrick testified at trial and denied any wrongdoing and denied that he made any incriminating statements, this was ultimately a jury question. We are satisfied that sufficient evidence was presented to support the jury's verdict. Furthermore, having carefully reviewed the record, we find no merit to Patrick's other arguments pertaining to his conviction.

However, we find reversible error with respect to the sentence and restitution order imposed in this case. Under United States v. Lee, 427 F.3d 881 (11th Cir. 2005), a sentencing judge must reasonably estimate the amount of loss. Here, the court estimated a loss of $1.4 million and ordered Patrick to pay restitution in that amount. This figure, however, exactly reflected the YMCA's tax liability (as alleged in the Presentence Investigation Report), which arose from the organization's failure to pay payroll taxes for certain employees, most of whom were unconnected to Patrick in any way. The organization's tax liability bore no proven relationship to the work Patrick did or did not perform for the YMCA, nor

3

was it supported by any evidence of Patrick's own involvement in the YMCA's tax evasion.  Therefore, in determining the amount of loss, the district court unreasonably used the YMCA's estimated tax liability relating to employees unconnected to Patrick. Additionally, the government conceded at oral argument that the amount of loss also included amounts legitimately paid to Patrick for work he did perform for the YMCA.  These amounts should not have been included in the amount of loss.

Accordingly, Patrick's convictions are **AFFIRMED**, his sentence and restitution order are **VACATED**, and the case is **REMANDED** for resentencing consistent with this opinion.